IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Frost, Jr., #301382 | ) | C/A No.: 8:07-83-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Jon Ozmint, Director, SCDC; Jeffrey Taylor, Lt., Allendale Correctional Institution; Carlos Marshall, Sgt., Allendale Correctional Institution; all in their Individual and Official Capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Robert Frost, Jr., is an inmate with the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending he was subjected to excessive force by the defendants during the course of a cell search.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the cross motions for summary judgment[2] filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did respond to the motion.

1

by the plaintiff and all defendants should be denied and the case set for trial before a jury. Specifically, the Magistrate Judge opines that the parties' differing accounts of the allegedly unprovoked assault on the plaintiff create a serious and genuine issue of material fact as to the issue of qualified immunity. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on October 30, 2007. Within the time limits prescribed by the local rules of this district, the defendants filed a six-page objection memorandum with attachments. The plaintiff filed objections to the Report as well.[3]

After a careful review of the record, the applicable law, the Report and Recommendation, and the parties' objections thereto, the court is constrained to agree with the Magistrate Judge's recommendation that summary judgment should be denied. Accordingly, all objections are overruled and the Report and Recommendation is incorporated herein by reference. All pending cross motions for summary judgment are denied.

This matter will be will calendared for trial during the term of court beginning March 4, 2008. In preparation for trial, the court wishes to conduct a pretrial conference with the

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

plaintiff and the attorneys for the defendant. This pretrial conference will be conducted in courtroom number IV of the Matthew J. Perry, Jr. Federal Courthouse at 10:00 a.m. on Thursday, February 28, 2008. The South Carolina Department of Corrections is requested to make arrangements to have the plaintiff transported to the pretrial conference.

At the pretrial conference, the parties should be prepared to advise the court of the witnesses that will be called on each side, and to offer the originals of all exhibits that will be introduced into evidence. Witnesses and exhibits not produced and disclosed at the February 28 pretrial conference will not be allowed at trial.

The Clerk is requested to send a copy of this court's pretrial instructions to the parties under separate cover.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

Joseph F. Anderson, Jr.
United States District Judge

February 13, 2008
Columbia, South Carolina

3