IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Frost, Jr., #301382 | ) | C/A No.: 8:07-83-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Jon Ozmint, Director, SCDC; Jeffrey Taylor, | ) | |
| Lt., Allendale Correctional Institution; | ) | ORDER |
| Carlos Marshall, Sgt., Allendale Correctional | ) | |
| Institution; all in their Individual and Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the motion for reconsideration of the defendants filed on February 25, 2008. In the motion, defendants move the court to reconsider an order accepting the report and recommendation of the magistrate judge and denying defendants' motion for summary judgment. For the reasons set forth herein, the court denies defendants' motion for reconsideration except to the extent that defendants seek dismissal as parties to the case in their official capacities.

I.    PROCEDURAL BACKGROUND

The *pro se* plaintiff, Robert Frost, Jr., is an inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 contending that he was subjected to excessive force by the defendants during the course of a cell search. The parties moved for summary judgment, and in a report and recommendation ("report") the magistrate judge assigned to this action recommended that

the cross-motions for summary judgment be denied and for the case to proceed to trial.  On February 13, 2008, the court entered an order that accepted the recommendations of the magistrate, incorporated the report by reference, and denied the motions for summary judgment of both plaintiff and defendants.  On February 25, 2008, defendants filed a Rule 59(e) motion for reconsideration and requested that the court reconsider its denial of their motion for summary judgment.[1]  On February 28, 2008, the court held a pretrial conference for this case at which defendants presented oral argument in support of their motion for reconsideration.

In the motion, defendants ask the court to reconsider its order denying summary judgment in order to prevent a clear error of law on three separate bases: (1) defendants are not "persons" within the meaning of 42 U.S.C. § 1983; (2) defendants should be granted qualified immunity because plaintiff failed to submit any evidence in response to their motion for summary judgment; and (3) plaintiff failed to exhaust administrative remedies.

II.     DISCUSSION AND ANALYSIS

A.     Rule 59(e) Standard

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

---

[1] On February 15, 2008, the court granted plaintiff's motion to amend the complaint to dismiss Jon Ozmint as a party to this action.  Therefore, Defendants Jeffery Taylor and Carlos Marshall are the only defendants remaining in this action.

2

PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

B.    Individuals as "Persons" Within the Meaning of § 1983

Defendants argue that although they moved for summary judgment on the basis that they are not persons within the meaning of 42 U.S.C. § 1983 because they were acting within their official capacity at the time of the alleged conduct, the magistrate failed to address this argument in the report. Defendants request that this court reconsider its order denying summary judgment because the oversight was raised in their objections to the report, but the order did not rule on the issue as to whether defendants were proper parties to this action.

Neither a state nor its officials acting in their official capacities are "persons" amenable to suit within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not apply to bar individual-capacity actions seeking to impose personal liability on state officials, and therefore state officials sued in their individual capacity are "persons" within the meaning of § 1983. *Hafer*

*v. Melo*, 502 U.S. 21, 31 (1991).  In the report recommending denial of defendants' motion for summary judgment, the magistrate correctly recognized this distinction and noted that although defendants were properly named as parties to plaintiff's § 1983 action in their individual capacities, the § 1983 claims would fail to the extent that plaintiff seeks to impose liability on defendants in their official capacities.  Therefore, the court upholds its order denying dismissal of defendants in their individual capacities, and clarifies that defendants are dismissed as parties to the action to the extent that plaintiff seeks recovery against them in their official capacities.

C.     Qualified Immunity

Defendants also request the court to reconsider its order denying summary judgment on the basis of qualified immunity.  Defendants argue that plaintiff failed to submit evidence in the form of a notarized affidavit, and therefore failed to present evidence sufficient to contradict the qualified immunity defense raised in defendants' motion for summary judgment.[2]

"A defendant is entitled to summary judgment on grounds of qualified immunity when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law."  *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003) (internal citation omitted).  Denial of qualified immunity requires not only that the particular right be clearly established in law, but also that the application of the right

---

[2] At the hearing, defendants conceded that the court may consider affidavits attached to plaintiff's cross-motion for summary judgment filed in response to defendants' motion.

4

to the defendant's conduct be apparent. *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) (internal citation omitted). If a "legitimate question" exists as to whether a defendant's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994). However, "[i]f there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Defendant argues that there is an absence of evidence on the record to support a denial of summary judgment on grounds of qualified immunity because plaintiff's response in opposition failed to include as an attachment a notarized affidavit setting forth facts to dispute defendant's version of the alleged cell search. Instead, plaintiff attached a statement titled as an affidavit that set forth his factual allegations. Plaintiff signed his statement beneath a sentence stating: "I declare under the Penalty of Perjury that the foregoing is true and correct. Executed at Ridgeville, S.C. on April 25th, 2007."

Rule 56(e) mandates that when responding to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. Proc. 56(e). Pursuant to 28 U.S.C. § 1746, the affidavit requirement of Rule 56(e) may be satisfied by an unsworn declaration submitted

5

under penalty of perjury that includes a statement in substantially the following form:

> I declare (or certify, verify, or state) under penalty of perjury
> that the foregoing is true and correct.  Executed on (date).

> (Signature)

28 U.S.C. § 1746.

The court finds that the unsworn declaration submitted by plaintiff substantially complies with the required statutory language and satisfies the affidavit requirement of Rule 56(e).  Therefore, plaintiff has set forth evidence in the form of an affidavit that sets out specific facts showing a genuine issue for trial, and defendants' motion for reconsideration on grounds of qualified immunity is denied.

D.     Exhaustion of Administrative Remedies

Furthermore, defendants move the court to reconsider the order on the grounds that plaintiff failed to exhaust administrative remedies for failure to receive a final determination from the state administrative law court.   At the hearing, counsel admitted that the administrative law court had entered a summary dismissal denying plaintiff's grievance on April 10, 2007.  Therefore, defendants' motion for reconsideration on grounds of failure to exhaust administrative remedies is denied as moot.

III.     CONCLUSION

For the foregoing reasons, defendants' motion is granted to the extent that it seeks dismissal of defendants as parties to this action in their official capacities, but otherwise defendants' motion for reconsideration is denied.

6

IT IS SO ORDERED.

February 29, 2008                          Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge